IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

SIDDIQAH RICHARDSON, )
next best friend of )
JUBRI RICHARDSON BELL )
1230 Van Buren Drive )
Ft. Washington MD2806 )
20744 )
 )
    PLAINTIFFS, )
 )
    v. )   Civil Action No.   **14-0000448**
 )
THE DISTRICT OF COLUMBIA, )
a municipal corporation )
441 4th Street N.W. )
Washington, D.C. 20001 )
 )
  Serve: Mayor Vincent Gray )
       1350 Pennsylvania Ave NW )
       Washington DC 20001 )
 )
       c/o Irvin Nathan )
       D.C. Attorney General )
       441 Fourth Street, N.W. )
       Washington, D.C. 20001 )
 )
OFFICER RICHARD GABSTER )
7th District Police Station )
2455 Alabama Avenue SE, )
Washington, D.C. 20020 )
 )
JOHN DOE, not yet identified )
7th District Police Officer )
2455 Alabama Avenue SE )
Washington 20020 )
 )
Serve: Officer Richard Gabster )
       2455 Alabama Avenue SE )
       Washington, D.C. 20020 )
 )
 )
    DEFENDANTS )

RECEIVED
Civil Clerk's Office
JAN 27 2014
Washington, D.C.

1

## COMPLAINT
(False Imprisonment; Assault & Battery; Negligent Hiring, Training and Supervision; 42 U.S.C. § 1983-Unwarranted Seizure & Excessive Force)

### INTRODUCTION

1. This is a civil action seeking damages against the defendants for intentional misconduct, negligence when they falsely detained the plaintiff, and assaulted and battered him. This action seeks both compensatory and punitive damages against the defendants for the intentional acts of wrongdoing under common law and for violations of the defendants' constitutional rights.

### JURISDICTION

2. This Court has original subject matter jurisdiction over this case by virtue of D.C. Code § 11-921.

### PARTIES

3. Plaintiff Siddiquah Richardson is the mother and legal guardian of JBR. At all times relevant herein, she has been a citizen of the United States.

4. Plaintiff JBR is a 16 year old African American Male. At the time of the incident he was 15 years old. JBR attends Muhammad's University of Islam, a private learning academy in northeast Washington D.C. At all times relevant to this complaint JBR was a citizen of the United States.

5. Defendant District of Columbia is a municipal corporation with authority to sue and be sued in its corporate name. At all times relevant herein, this defendant was responsible for the policies and procedures utilized by and for the supervision of all Metropolitan Police Officers.

6. At all times relevant to this complaint, Officer Richard Gabster of the D.C.

Metropolitan Police was a duly licensed police officer and employee of Defendant District Of Columbia and acting within the scope of his authority and under color of law. He is sued in his official and individual capacity.

7. At all times relevant to this complaint, an unnamed and yet to be identified D.C. Metropolitan Police Officer was a duly licensed police officer and employee of Defendant District of Columbia and acting within the scope of his authority and under color of law. He is sued in his official and individual capacity.

## STATEMENT OF FACTS

8. On January 30, 2013 JRB was walking up the 2600 Block of Stanton Road in South East Washington D.C. in order to meet a relative for a ride home after school. The time was approximately 3:30pm.

9. As Plaintiff JRB was preparing to cross the street he was passed by M.P.D. Police vehicle, when then abruptly made a U Turn and then pulled a few feet in front of JRB, into a Church Driveway

10. Two Caucasian male officers, Officer Gabster and and other yet unidentified officer, exited the vehicle and converged on Plaintiff Jubri; one from in front of him and one behind him.

11. Plaintiff was asked by Officer Gabster if he had any weapons, to which JRB responded, "No sir". Despite this fact Officer Gabster asked Plaintiff JRB, would it be alright to search him, to which JBR replied, "No, sir."

12. Despite JBR's verbal objections, the unidentified officer then exclaimed, "Too bad" and proceeded to slam Plaintiff on the police vehicle and began to physically search him anyway.

13. Several times, Plaintiff JRB repeated his desires to the officers not to be searched and

3

he also verbally told the officers that they are "violating my rights". JRB, in the course of the search, also asked to see "a white shirt". He was initially denied a "white shirt" by Officer Gabster.

14. The search conducted was objectionable and intrusive. JRB's entire body and his book bag were searched and patted down by the officers. However, the unidentified officer continued to hold JRB by the collar around the neck and kept JRB in this offensive position. When asked, "Sir, is there a reason you are holding me like this, what is the reason?" the unidentified officer told Plaintiff JRB that "I don't have to tell you that."

15. Then another D.C. M.P.D. police cruiser pulled up, consisting of two Caucasian males and one African-American female.

16. Plaintiff JRB then asked the yet to be identified officer John Doe for his name badge number and car number. Officer John Doe, then jumped in his vehicle and drove off and did not return.

17. Officer Gabster asked Plaintiff JRB for his name. Then Officer Gabster went to his police vehicle for approximately 5-7 Minutes and returned with his business card, which contained his badge number and case number. Plaintiff JRB then asked officer Gabster for the unidentified officer's name and badge number twice and officer Gabster refused.

18. As a result of Defendant's illegal search, seizureand physical assault Plaintiff JRB suffered physical injuries and embarrassment and humiliation.

19. Prior to arriving at or near the location where he was unlawfully arrested, the Plaintiff JRB had not engaged in any illegal conduct of any kind.

20. During the course of the unlawful arrest, the Plaintiff neither resisted the unlawful arrest nor did he do anything else that would have justified the use of force of any kind.

21. The 2500 block of Stanton Road is in an area where there are a growing number of complaints from residents against 7th District MPD charging racial profiling, harassment and violations of Constitutional rights of African-Americans.

## COUNT I
### (False Imprisonment)

22. Plaintiff JRB incorporates by reference paragraphs 1 through 21, as if fully set forth herein.

23. The defendant officers wrongfully and stopped and detained the plaintiff without any justifiable cause whatsoever. The officers had no information that any crime had been committed and no reason to believe plaintiff JRB was intending to commit a crime.

24. As a direct proximate result of the false arrest of the Plaintiff by the Defendants, the Plaintiff suffered discomfort, distress and loss of liberty; and has suffered, and will continue to suffer, mental anguish, humiliation and embarrassment from the indignity and disgrace of being illegally detained, manhandled and otherwise grossly mistreated.

25. At the time that the above referenced false imprisonment was committed upon JRB, the defendant officers were acting within the scope of their employment for and at the direction of defendant District of Columbia.

WHEREFORE, the Plaintiff demands judgment against the defendants, jointly and severally, in the full and just amount of One Million Dollars ($1,000,000.00), in compensatory and punitive damages plus interest and costs.

## COUNT II
### (Assault & Battery)

26. Plaintiff incorporate, by reference, paragraphs 1 through 25 as if fully set forth herein.

27. The defendant officers, without proper grounds, willfully and maliciously assaulted young JRB by slamming him on the police vehicle and grossly mishandling his person causing him bodily injury and pain. Each of the injuries suffered by Plaintiff were inflicted without provocation from the Plaintiff and while he was presenting no immediate threat to anyone.

28. As a direct and proximate result of Defendant's willful, malicious and intentional actions, the Plaintiff suffered bodily injuries.

29. At the time that the above-referenced assault and battery was committed upon Plaintiff JRB the defendant Officers were acting within the scope of their employment for and at the direction of defendant District of Columbia.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in the full and just amount of One Million Dollars ($1,000,000.00), in compensatory damages and punitive damages plus interest and costs.

## COUNT III
### Negligent Training/Supervision
### (Against Defendant District of Columbia)

30. Plaintiffs incorporate paragraphs 1- 29 as if fully set forth herein.

31. Defendant District of Columbia knew or should have known that its employees, officer Gabster and unidentified officer John Doe, were conducting illegal searches and seizures as a matter of course and were otherwise engaging in dangerous, illegal, unprofessional and

6

unconstitutional actions during the course of their employment.

32. Defendant District of Columbia, knew or should have known that its officer employees were engaging in racial profiling and routinely violating the rights of African American juveniles.

33. As a result of Defendant District of Columbia's negligent training and supervision of Defendant Gabster and officer John Doe, Plantiff JBR suffered significant physical and emotional harm, extreme embarrassment, humiliation and mental anguish.

WHEREFORE, the Plaintiff demand judgment against the Defendants, jointly and severally, in the full and just amount of One Million Dollars ($1,000,000.00), in compensatory damages and punitive damages plus interest and costs.

## COUNT IV
### (Deprivation of Civil Rights, 42 U.S.C. § 1983)

34. Plaintiffs incorporate, by reference, paragraphs 1 through 33 as is fully set forth herein.

35. Plaintiff JRB further alleges that the defendant officers, with deliberate indifference to and in reckless disregard for the safety and well-being of the Plaintiff and in violation of the 4th Amendment to the Constitution, did on January 30, 2013 commit acts which deprived Plaintiff JRB of his Constitutional right to be free from an unreasonable seizure.

36. Plaintiff alleges Defendant Officers wrongfully, unlawfully, maliciously used excessive force against Plaintiff when clearly no force was warranted under the circumstances.

37. Plaintiff further alleges that Defendant officers engaged in racial-profiling and specifically targeted Plaintiff for illegal search and seizure because he is an African American juvenile.

37. As a direct and proximate result of the actions of the defendant officer, Plaintiff was deprived of his liberty and injured by the renegade Defendant police officers, acting outside the parameters of law and decency.

Wherefore, Plaintiff demands judgment against Defendants, jointly and severally, in the full and fair amount of One Million Dollars ($1,000,000.00) in compensatory and punitive damages, plus interest and costs.

## JURY DEMAND

The Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Malik Z. Shabazz, (458434)
Shabazz Law Group/ B.L.F.J.
1200 G Street, N.W.
Suite 855
Washington, D.C. 20005
(202) 434 4528
Attorney.shabazz@yahoo.com


Gregory L. Lattimer, [371926]
1200 G Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 638-0095
Attorney for Plaintiff


Counsel for the Plaintiffs

8